UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WILLIAM A. KENNEDY III, M.D., *et al.*,

                         Plaintiffs,

         -v-

UNITEDHEALTH GROUP INC., *et al.*,

                         Defendants.

------------------------------------------------------------X

25 Civ. 432 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On January 29, 2025, defendants moved to dismiss the Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 14 (the "motion to dismiss").

The Court is in receipt of plaintiffs' earlier application for a stay of "all" deadlines in this matter, including as to any motion to dismiss, pending the Court's resolution of plaintiffs' anticipated motion to remand for lack of subject matter jurisdiction. *See* Dkt. 11 at 1 (the "stay application"). Defendants oppose plaintiffs' stay application to the extent it seeks a stay of any briefing schedule for the motion to dismiss; defendants do not oppose a stay of discovery deadlines, Dkt. 13 at 1. As plaintiffs correctly note, however, the existence of subject matter jurisdiction, implicated by their anticipated motion to remand, must be established before the Court may test the legal sufficiency of the Complaint under Rule 12(b)(6). And plaintiffs' anticipated motion to remand for lack of subject matter jurisdiction appears colorable. *See* Dkt. 11 at 2.

Accordingly, the Court directs plaintiffs to file any motion to remand by February 12, 2025, directs defendants to file any opposition by February 26, 2025, and directs plaintiffs to file

any reply by March 5, 2025. If a motion to remand is filed, per this order, (1) all deadlines as to all motions—including the motion to dismiss, *infra*—will be stayed; and (2) the initial pretrial conference scheduled for February 19, 2025 will be adjourned *sine die*.

If plaintiffs do not file a motion to remand, they shall file any amended complaint by February 19, 2025.[1] No further opportunities to amend will ordinarily be granted. If plaintiffs do amend, by March 3, 2025, defendants shall: (1) file an answer; (2) file a new motion to dismiss; or (3) submit a letter to the Court, copying plaintiffs, stating that defendants rely on the previously filed motion to dismiss.[2]

It is further ordered that if no amended complaint is filed, plaintiffs shall serve any opposition to the motion to dismiss by February 19, 2025. A reply from defendants shall be served by March 5, 2025. At the time any reply is served, the moving party shall supply the Court with a courtesy copy of all motion papers by attaching them as PDF files to a single email addressed to EngelmayerNYSDChambers@nysd.uscourts.gov.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: January 30, 2025
New York, New York

---

[1] For avoidance of doubt, this does not preclude plaintiffs from filing an amended complaint in connection with or before moving to remand. The Court recognizes that an amended complaint may bear on a motion to remand.

[2] If defendants file a new motion to dismiss or rely on their previous motion, an opposition from plaintiffs will be due 14 days thereafter, and a reply from defendants will be due seven days after that.

2